FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 3:48 pm, Jun 08, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: ) | Chapter 13 Case |
| BARBARA ANN PAUL, ) | Number <u>12-10468</u> |
| ) | |
| Debtor ) | |
| ) | |

### OPINION AND ORDER

Before the Court is a Motion for Relief from Stay filed by Stonemark Management, Inc., d/b/a Governor's Place Apartments ("Stonemark") regarding the lease of Apt. D-3, 3211 Wrightsboro Road, Augusta, Georgia ("the Apartment"). Stonemark seeks relief from the stay in order to take possession of the Apartment rented by Barbara Ann Paul ("Debtor"). Stonemark obtained a pre-petition judgment and writ of possession of the Apartment on March 6, 2012. Thereafter, Debtor filed for bankruptcy relief on March 12, 2012. In her petition, Debtor did not certify that Stonemark had a pre-petition judgment of possession.

At the hearing held on Stonemark's motion for relief, the Court inquired whether under 11 U.S.C. §362(b)(22) the automatic stay was in effect against Stonemark's eviction proceeding since Stonemark had a pre-petition judgment for possession of the Apartment. After a colloquy with the parties, the Court gave the parties an opportunity to brief the issue. Debtor argues in a post-

hearing brief that the pre-petition judgment was not based upon any monetary default and therefore §362(b)(22) and §362(l) are inapplicable and Debtor was not required to file a certification. In her brief, Debtor cites the case of <u>In re Griggsby</u>, 404 B.R. 83 (Bankr. S.D.N.Y. 2009) for the proposition that §362(l) is applicable only where the pre-petition judgment is based upon a monetary default of a debtor and therefore §362(l) does not apply in this case because Stonemark's judgment was based on a non-monetary default. In its response, Stonemark disagrees with Debtor's analysis and legal conclusions.

After reviewing the relevant statutory language and case law, I find that 11 U.S.C. §362(l) is not applicable to a non-monetary default; however, I conclude 11 U.S.C. §362(b)(22) still excludes Stonemark's eviction proceeding from the protection of the automatic stay.

> Section 362(b)(22) provides:
>
> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay--
>
> (22) subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and *with respect to which the*

2

> *lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor. . . .*

11 U.S.C. §362(b)(22)(emphasis added). Where a lessor has obtained a pre-petition judgment for possession, the lessor is free to continue an eviction proceeding notwithstanding Debtor's filing of a bankruptcy petition. 11 U.S.C. §362(b)(22); see In re Griggsby, 404 B.R. at 90 ("[C]ongress provided in §362(b)(22) that a prepetition judgment of possession obtained by a lessor for any reason keeps the stay from automatically being triggered by the filing of a bankruptcy petition."). In the current case, it is undisputed that Stonemark obtained a pre-petition judgment, therefore 11 U.S.C. §362(b)(22) excludes the eviction proceeding from the automatic stay.

The "reason" for the pre-petition judgment becomes important only when deciding whether Debtor is able to take advantage of the thirty day "safe harbor" provision of 11 U.S.C. §362(l). Section 362(l) states:

> (l)(1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that--
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under

3

> which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B) the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. §362(l).

As the Griggsby court explains §362(b)(22) is the applicable statute where a lessor has obtained a pre-petition judgment of possession. The safe harbor exception of §362(l) is a limited exception to §362(b)(22) and is unavailable to a debtor where the reason for the pre-petition judgment is non-monetary. In re Harris, 2011 WL 2038757 *2 (Bankr. D.S.C. May 24, 2011)("Where the default that gave rise to the eviction is not a monetary default, the exception of §362(b)(22) to the imposition of the stay is immediate and §362(l) does not provide even a short term 30 day stay."); In re Griggsby, 404 B.R. at 88 (same). The Griggsby court compared 11 U.S.C. §362(b)(22) and (l) with §362(b)(23) and (m):

> Congress provided in §362(b)(22) that a prepetition <u>judgment of possession obtained by a lessor for any reason</u> keeps the stay from automatically being triggered by the filing of a bankruptcy petition. With respect to §362(l), Congress's focus was clearly upon allowing the stay to be reinstated if state law permits a cure of a monetary default; no mention is made of a non-monetary default. Sections 362(b)(23) and 362(m) provide a means

> for a lessor to terminate the automatic stay based upon alleged drug use or 'property endangerment.' <u>Sections 362(b)(23) and 362(m) presuppose that a lessor did not obtain a prepetition judgment of possession</u>.

<u>In re Griggsby</u>, 404 B.R. at 90 (emphasis added). In <u>Griggsby</u>, the lessor had obtained a pre-petition judgment based upon property endangerment and the court held that the debtor could not reinstate the stay pursuant to §362(l) because of the non-monetary nature of the judgment of possession. <u>In re Griggsby</u>, 404 B.R. at 88-90.

Similarly, in the current case, according to Debtor the pre-petition judgment was obtained for non-monetary reasons, therefore Debtor is unable to avail herself of the safe harbor of §362(l). Pursuant to §362(b)(22), the automatic stay is not in place and Stonemark may proceed with the dispossession of the Debtor.

Debtor argues §362(b)(23) and (m) are the relevant statute and therefore, the lessor, Stonemark should have filed the certification, not Debtor. Section 362(b)(23) and (m) are not applicable in this case because Stonemark has a pre-petition judgment of possession. <u>See</u> <u>In re Griggsby</u>, 404 B.R. at 90 (section 362(b)(23) and (m) presupposes the lessor has not obtained a judgment pre-petition). Because Stonemark has a pre-petition judgment, it was not required to file a certification pursuant to 11 U.S.C. §362(m) and its failure to do so does not bar relief being

5

granted.

Furthermore, to the extent the pre-petition judgment was based upon a monetary default,[1] Debtor's failure to file the required certification pursuant to §362(l) precludes Debtor from taking advantage of this safe harbor provision. See 11 U.S.C. §362(l); In re Harris, 424 B.R. 44 (Bankr. E.D.N.Y. 2010); In re Plumeri, 434 B.R. 315 (S.D.N.Y. 2010); In re Tucker, 2005 WL 5607595 (Bankr. N.D. Ga. Nov. 18, 2005).

Finally, Debtor disputes the factual basis Stonemark asserted to obtain its pre-petition judgment. Any such challenges should be asserted in the court issuing the judgment and handling eviction, not the bankruptcy court. See eg., In re Griggsby, 404 B.R. at 92 (debtor must return to state court to reinstate the landlord-tenant relationship).

For these reasons, I find Stonemark's continuation of any eviction proceedings against the Debtor in connection with its pre-petition judgment are not stayed by the provisions of the automatic stay. To the extent necessary "cause" exists pursuant to §362(d)(1) to lift the automatic stay.

---

[1] At times, the parties have indicated the pre-petition judgment was for a monetary default. For the reasons set forth in this opinion, given the facts and circumstances of this case, regardless of whether the pre-petition judgment was for monetary or non-monetary default, the stay does not apply.

It is therefore ORDERED that Stonemark's motion for relief from stay is GRANTED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this  8th  Day of June 2012.